# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00204-CV

### K. M., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 20-0091-CPSCL, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING

---

## MEMORANDUM OPINION

K.M. appeals from the trial court's order terminating his parental rights to his two children.[1]  *See* Tex. Fam. Code § 161.001.  Following a bench trial, the trial court determined that termination of K.M.'s parental rights to his two children was in their best interest and that K.M. knowingly placed or knowingly allowed them to remain in conditions or surroundings that endangered their physical or emotional well-being, engaged in conduct or knowingly placed them with persons who engaged in conduct that endangered their physical or emotional well-being, and failed to comply with the provisions of a court order that established the actions necessary for him to obtain the return of his children.  *See id.* § 161.001(b)(1)(D), (E), (O), (2).  We will affirm the trial court's termination order.

---

[1] The trial court also terminated Mother's parental rights to her children, but she is not a party to this appeal.

K.M.'s court-appointed counsel has filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). K.M.'s counsel has certified to this Court that he has provided K.M. with a copy of the *Anders* brief and informed him of his right to receive a copy of the entire appellate record and file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, waiving its right to file an appellee's brief unless requested by this Court or as needed to respond to any pro se brief filed by appellant. To date, K.M. has neither filed a request with this Court to access the appellate record nor filed a pro se brief.

We have conducted a full examination of all of the proceedings to determine whether the appeal is frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have specifically reviewed the trial court's findings as to K.M. under parts (D), (E), and (O) of the Family Code § 161.001(b)(1), and we have found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019). After reviewing the record and the *Anders* brief, we find nothing in the record that would arguably support K.M.'s appeal. We agree with K.M.'s counsel that the appeal is frivolous and without

2

merit. Accordingly, we affirm the trial court's order terminating the parental rights of K.M. We deny counsel's motion to withdraw.[2]

 

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed: July 14, 2022

---

[2] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) (per curiam). Accordingly, counsel's obligations to K.M. have not yet been discharged. *See id.* If after consulting with counsel K.M. desires to file a petition for review, his counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*